bCANNELLA, Judge.
Defendants, Sharon Armond (Armond), legal guardian of Phillip Armond, and Nicholas Christiana (Christiana), legal guardian of Michael Christiana, appeal from a judgment in favor of plaintiff, Terra Nova Insurance Company, Ltd. (Terra Nova). For the reasons which follow, we vacate the judgment and remand.
This case arises from a fire that damaged property located at 1100 Sixth Street in Gret-na, Louisiana. Terra Nova insured the property against fire loss and paid the owner $50,927.08. In return for the payment, Terra Nova was subrogated to the rights of its insured. Terra Nova thereafter filed suit against Armond, Christiana, as well as against Rita Pafford (Pafford), legal guardian of Kerry Pafford. Terra Nova alleges that the fire was caused by the three minor children shooting fireworks under the carport adjacent to the insured property and their parents or legal guardians being liable for Istheir negligent acts.
Pafford did not answer the suit. A default judgment was confirmed against her and she has not appealed. That judgment is now final and is not before us for review.
Armond and Christiana, however, answered the suit and appeared on the morning of trial, each in proper person. The trial court immediately became concerned that defendants could not fairly defend themselves against Terra Nova who was represented by counsel. However, the trial court was also concerned that Terra Nova had its witnesses present and it might be inconvenient for them to return on a later date. The trial court compromised by allowing Terra Nova to take the testimony of the witnesses that were present that day, in case they could not return. The trial court continued the trial until September 3, 1996, to allow Armond and Christiana time to retain counsel. The trial court also allowed Terra Nova to confirm its default against Pafford.
On September 3, 1996, when the ease was called for trial, Armond and Christiana were not present. Counsel for Terra Nova requested that the trial court render judgment in its favor. The trial court rendered judgment in favor of Terra Nova and against Armond and Christiana in the amount of *1274 $50,927.03 plus interest, costs and attorney fees. It is from this judgment that Armond and Christiana appeal herein.
On appeal, defendants argue that the trial court erred in entering judgment in their absence with little or no evidence to support the judgment. We agree.
This case was fraught with procedural problems from the outset which led to the rendering of this judgment in error. Initially, the trial court treasonably became concerned that defendants, present without counsel, were not able to properly defend the ease, which could result in a substantial monetary judgment. The trial judge thereupon spoke with the defendants and, upon verifying their apparent lack of understanding of the case, concluded that he would continue the case to allow defendants time to retain counsel. That part of the case was continued until September 3,1996. There was no error in the trial court action up to that point.
However, following the ruling to continue the case as to Armond and Christiana, the trial court allowed plaintiff to call and examine witnesses and to present evidence to confirm a default judgment against Pafford. The trial court cautioned plaintiff that the evidence was only being admitted to confirm the default against the absent defendant, Pafford, and not in the cases against Armond and Christiana.
Thus, on September 3,1996, when the case was recalled for trial and Armond and Chris-tiana were absent, under the procedural posture of the case at that time, with no evidence ever having been received and no trial ever having been conducted against Armond and Christiana, the trial court erred in rendering judgment against them since a prima facie case had not been proved.
Accordingly, the judgment rendered against Armond and Christiana in their absence is vacated and set aside and the case is remanded for further proceedings consistent with the views expressed herein.
JUDGMENT VACATED; CASE REMANDED.